UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DARIUS BROWN | * | CIVIL ACTION NO. |
| | * | |
| Plaintiff, | * | |
| | * | JUDGE |
| VS. | * | |
| | * | |
| TRANSDEV SERVICES, INC. | * | MAGISTRATE JUDGE |
| | * | |
| Defendant. | * | |
| | * | JURY DEMAND |

* * * * * * * * * * * * * * * * * * * * * * *

### PETITION FOR DAMAGES

1. This is an action to halt and seek redress for the unlawful discrimination that Defendant has implemented in its business practices.

3. The Americans with Disabilities Act ("ADA") expressly prohibits discrimination in employment on the basis of disability. 42 U.S.C. §§ 12101, *et seq*.

4. Despite these mandated provisions, the Defendants have violated the Plaintiff's rights.

### PARTIES

### PLAINTIFF

5. The Plaintiff is Darius Brown (hereinafter "Mr. Brown'), who was employed as a Bus Operator by Transdev Services, Inc., whose office is located at 2817 Canal Street, New Orleans, LA 70119. He is a person of the age of majority and is HIV positive.

### DEFENDANT

6. **Transdev Services, Inc.** (hereinafter "Transdev"), a Louisiana corporation, manages all daily operations of the New Orleans Regional Transit Authority ("RTA"). It can be

served with process through its registered agent, CT Corporation System at 3867 Plaza Tower Dr., Baton Rouge, LA 70816.

## FACTUAL BACKGROUND

7. The RTA is the entity responsible for the Orleans Parish public transit system.

8. In October 2008, the RTA entered into a management agreement with Veolia Transportations Services, Inc. (hereinafter "Veolia"), allowing the Orleans Parish public transit system to be managed by Veolia.

9. Veolia then became the employer of record for individuals working with the RTA and subsequently changed its name to Transdev.

10. Mr. Brown was hired by Transdev as a Bus Operator on January 25, 2016 and employed on a probationary basis for the first six months.

11. Approximately five months later, Mr. Brown was notified of his termination via a "New Orleans Regional Transit Authority Notice of Disciplinary Action" letter dated June 23, 2016.

12. Transdev cited one preventable accident on June 11, 2016 and five unscheduled absences on April 8, 2016, May 2, 2016, May 10, 2016, May 31, 2016, and June 18, 2016 as the reasons for his termination.

13. However, the accident was not preventable and three of the five absences were not unscheduled.

14. On April 7, 2016, Mr. Brown left work due to a medical emergency and was treated in the emergency room at Ochsner Medical Center (hereinafter "Ochsner"). In accordance with company policy, he informed Transdev that he would not return to work until a doctor gave him permission to do so.

15. Following his medical emergency on April 7, 2016, Mr. Brown was prescribed pain medication that prevented him from driving, and so was unable to work his shift as a Bus Operator on April 8, 2016.

16. He provided a doctor's note and his discharge paperwork from Ochsner to Transdev on April 9, 2016, which stated that he was cleared to return to work on April 11, 2016 and disclosed his HIV-positive status.

17. However, Transdev's June 23, 2016 letter stated his absence on April 8, 2016 was unexcused.

18. On May 2, 2016, Mr. Brown's appearance was required in the 40th Judicial District Court of Louisiana.

19. He contacted Transdev prior to the court date that he would not be able to attend work on May 2, 2016.

20. Although Mr. Brown was appropriately removed from the schedule for May 2, 2016, he was also taken off the schedule for the next shift as well, thereby incurring two absences through no fault of his own.

21. Then, on May 10, 2016, Mr. Brown had to miss his shift due to a previously scheduled surgery at Ochsner Medical Center.

22. In accordance with Transdev policy, Mr. Brown provided medical paperwork of this appointment ten days prior to the surgery on April 29, 2016. This documentation also disclosed his HIV-positive status.

23. Transdev policy allows Bus Operators such as Mr. Brown to request time off, provided the necessary paperwork is submitted at least seven days in advance.

24. Despite him complying with company policy, Mr. Brown was marked with an unexcused absence for being out for surgery on May 10, 2016.

25. Subsequently, Mr. Brown called in sick on May 31, 2016 two hours prior to his shift start time.

26. Transdev policy allows Bus Operators to call in sick provided they do so at least one-hour prior. If Bus Operators follow this policy, they avoid being charged with an unexcused absence.

27. However, despite his compliance, Mr. Brown was again marked with an unexcused absence for May 31, 2016.

28. Finally, although Mr. Brown was involved in an accident on June 11, 2016, it was not preventable.

29. Transdev policy describes all accidents as preventable "unless the investigation shows that [the] driver did everything possible, as an expert driver, to prevent it."

30. Mr. Brown follows Transdev policies as to safe driving practices, and the police investigation of this accident placed fault with the taxicab driver who caused it, not with Mr. Brown.

31. Despite this police finding, Transdev placed the blame with Mr. Brown and found that the accident was preventable.

32. Although Transdev's discipline policy requires four hours of re-training and a one-day suspension following an accident caused by a Bus Operator, Mr. Brown was instead terminated.

## JURISDICTION AND VENUE

33. This Court has jurisdiction under 28 U.S.C. § 1331.

34. On October 11, 2016, Mr. Brown timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (hereinafter "EEOC") against the Defendant for discrimination.

35. The EEOC issued a Notice of Right to Sue letter on December 11, 2017.

36. It is Mr. Brown's understanding and belief that the Defendant refused to mediate this dispute.

37. Venue is property because the discrimination occurred in this District.

38. This Court has jurisdiction over the Defendant because it is located and operates in the State of Louisiana.

## COUNT I: VIOLATION OF THE ADA - TERMINATION

39. Paragraphs 1 – 38 above are restated as if fully incorporated herein.

40. The ADA, 42 U.S.C. § 12101, *et seq*., prohibits discrimination in employment in the "terms, conditions, and privileges of employment," based on a person's disability. 42 U.S.C. § 12112(a). This discrimination includes "utilizing standards, criteria, or methods of administration that have the effect of discrimination." 42 U.S.C. § 12112(b)(3)(A).

41. In order to prove employment discrimination under the ADA, the employee must show that he or she has a disability, is qualified to do the job, and was subject to an adverse employment action on account of his or her disability. *EEOC v. LHC Group, Inc.*, 773 F.3d 688, 690 (5th Cir. 2014).

42. HIV-positive status is a well-recognized disability.

43. Mr. Brown's HIV status does not adversely affect his ability to perform the duties of a Bus Operator and is fully qualified to hold that position.

44. The above-explained instances of Transdev assigning unexcused or unscheduled absences to Mr. Brown, even though he had followed company policies and submitted the necessary paperwork, illustrate the adverse employment action.

45. Each of these instances occurred after Transdev became aware of Mr. Brown's HIV-positive status.

46. Furthermore, Transdev classified the June 11, 2016 accident as preventable although the police investigation clearly placed fault with the other party.

## COUNT II: VIOLATION OF THE ADA – MEDICAL FILE RETENTION

47. Paragraphs 1 – 46 above are restated as if fully incorporated herein.

48. The ADA also provides strict guidance on the handling and retention of employee's private health information. It requires that employers who obtain information "regarding medical condition or history of the applicant" must be "maintained on separate forms and in separate medical files and is treated as a confidential medical record." 42 U.S.C. § 12112(d)(3)(B).

49. Transdev has indicated that they only have one note from a healthcare professional regarding Mr. Brown.

50. However, he delivered to Transdev multiple documents regarding his May 10, 2016 surgery alone.

51. Transdev violated 42 U.S.C. § 12112(d)(3)(B) when it did not properly retain those medical records Mr. Brown gave them.

## JURY TRIAL REQUEST

52. Plaintiff hereby notifies the Court and Defendants of his intent to seek a trial by jury.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in Plaintiff's favor and against Defendant, including the following relief:

a. Appropriate injunctive relief, including but not limited to an order restraining Defendant from engaging in further discriminatory conduct of the types alleged in this Petition;

b. Compensatory and consequential damages;

c. Punitive damages against Defendant;

d. Pre-judgment and post-judgment interest at the highest lawful rate;

e. Attorney's fees and costs of this action; and

f. Any such further relief as the Court deems appropriate.

                RESPECTFULLY SUBMITTED,

                /s/ John E. Bicknell, Jr.
                Galen M. Hair, T.A., LSBA No. 32865
                John E. Bicknell, Jr., LSBA No. 36802
                **SCOTT, VICKNAIR,**
                **HAIR & CHECKI, LLC**
                909 Poydras Street, Suite 1100
                New Orleans, LA 70112
                T: (504) 684-5200
                F: (504) 613-6351

                *and*

                */s/* Joshua L. Holmes
                Joshua L Holmes, LSBA No. 32162
                CrescentCare Legal Services
                2601 Tulane Avenue, Suite 630
                New Orleans, LA 70119
                joshua.holmes@crescentcarehealth.org
                Phone: (504) 568-1631 x792
                Facsimile: (504) 301-1357
                *Attorneys for Plaintiff*