**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DARIUS BROWN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-2490** |
| **TRANSDEV SERVICES, INC.** | **SECTION "B"(4)** |

## ORDER AND REASONS

Before the Court is Defendant's motion to dismiss for failure to state a claim. Rec. Doc. 5. Plaintiff timely filed an opposition. Rec. Doc. 7. Defendant then sought, and was granted, leave to file a reply. Rec. Doc. 11. For the reasons discussed below,

**IT IS ORDERED** that the motion to dismiss (Rec. Doc. 5) is **GRANTED** and Plaintiff's "Medical File Retention" claim against Defendant is **DISMISSED WITHOUT PREJUDICE**. Plaintiff has until **August 27, 2018** to amend his claim to address the deficiencies identified in this Order and Reasons. If Plaintiff does not correct those deficiencies by the latter date, the deficient claim will be **DISMISSED WITH PREJUDICE.**

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

From January 25, 2016, through June 23, 2016, Plaintiff Darius Brown was employed by Defendant Transdev Services, Inc. as a bus operator. Rec. Doc. 1 at 2. During the course of Plaintiff's employment, Defendant charged Plaintiff with certain unexcused absences leading up to his termination. *See id.*

1

First, on April 7, 2016, Plaintiff informed Defendant that he would be absent from work due to a medical emergency and could not leave Ochsner Medical Center without his doctor's permission. *Id*. On April 9, 2016, Plaintiff provided to Defendant a doctor's note and discharge paperwork from Ochsner, which indicated that he would be able to return to work two days later. *Id*. at 3. Despite this, Defendant marked Plaintiff with an unexcused absence on April 8, 2016. *Id*.

Second, on May 2, 2016, Plaintiff had a court appearance and he contacted Defendant about his absence beforehand. *Id*. Although Plaintiff was removed from the schedule for that day, Defendant subsequently did not schedule Plaintiff for the next shift, which prompted another unexcused absence. *Id*.

Third, on May 10, 2016, Plaintiff notified Defendant that he would miss work, again in anticipation of a previously scheduled surgery at Ochsner. *Id*. Plaintiff followed the protocol established by Defendant and provided the relevant medical paperwork ten days prior to his surgery. *Id*. This paperwork, in addition to the paperwork provided on April 9th, disclosed Plaintiff's HIV-positive status. *Id*. at 3. In spite of Plaintiff's compliance with Defendant's policy, Plaintiff was marked with another unexcused absence. *Id*. at 4. Lastly, Plaintiff called in sick on May 31, 2016, two hours prior to his shift pursuant to

company policy. *Id*. Once again, Defendant charged Plaintiff with an unexcused absence. *Id*.

Directly prior to Plaintiff's firing, he was involved in what he alleges to be an unpreventable accident on June 11, 2016. *Id*. Despite the conclusion by the police that Plaintiff was not at fault, Defendant placed blame on Plaintiff and terminated his employment. *Id*. According to Plaintiff's Complaint, Defendant only possesses one medical note from Plaintiff. *See id.* at 6. Plaintiff timely filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission on October 11, 2016. *Id*. at 5. On December 11, 2016, EEOC returned a "Notice of Right to Sue" letter. *Id*.

Plaintiff brings two claims under the Americans with Disability Act (ADA): (1) Defendant fired Plaintiff on account of Plaintiff's HIV-positive status, in violation of 42 U.S.C. § 12112(a), and (2) Defendant failed to properly retain Plaintiff's medical records, in violation of 42 U.S.C. § 12112(d)(3)(B). *Id*. at 5-6. Defendant filed a Rule 12(b)(6) motion to dismiss Plaintiff's "Medical File Retention" claim. *See* Rec. Doc. 5.

**LAW AND ANALYSIS**

Defendant seeks dismissal of Plaintiff's "Medical File Retention" claim, arguing that Plaintiff has failed to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Rec. Doc. 5. For Plaintiff to survive the motion to dismiss, he

3

must plead "enough facts to state a claim to relief that is plausible on its face." *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff must plead the facts with adequate sufficiency to "raise a right to relief above the speculative level." *Id*. at 555. "[A] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The ADA imposes certain requirements on employers with respect to maintaining medical documents. At issue in this case is a provision that states:

> A covered entity may require a medical examination after an offer of employment has been made to a job applicant and prior to the commencement of the employment duties of such applicant, and may condition an offer of employment on the results of such examination, if . . . information obtained regarding the medical condition or history of the applicant is collected and maintained on separate forms and in separate medical files and is treated as a confidential medical record.

42 U.S.C. § 12112(d)(3)(B). Plaintiff alleges that Defendant violated this provision by discarding certain medical records that he provided to justify absences. *See* Rec. Doc. 1 ¶¶ 47-51. Plaintiff has not stated a claim under § 12112(d)(3)(B) because he has not alleged (1) that Defendant disclosed information that it obtained from a medical examination or inquiry; and (2) that Defendant's failure to preserve the medical records caused him any damage.

4

"[T]o survive a Rule 12(b)(6) motion" on a claim under § 12112(d)(3)(B), "the complaint must affirmatively allege that the defendant obtained the disclosed medical information pursuant to a medical examination or inquiry." *Taylor v. Shreveport*, 798 F.3d 276, 288 (5th Cir. 2015). Section 12112(d)(3)(B) "prohibits an employer from disclosing an employee's medical information *only if* the employer first acquired the information as a result of a *medical inquiry or examination* as those terms are defined in the ADA." *Id*. "If the employee voluntarily divulges the medical information to the employer without the employer specifically demanding the information first, or if the employer otherwise obtains the medical information outside the context of a medical inquiry or examination, then the employer has no duty under § 12112(d) to keep that information confidential." *Id*.

Plaintiff alleges that he provided various medical documents to excuse certain absences, all pursuant to "company policy." *See* Rec. Doc. 1 ¶¶ 14, 16, 22. But Plaintiff does not describe the company policy and, importantly, does not explain what type of medical information, if any, Defendant requested as part of that company policy. In *Taylor*, the Fifth Circuit affirmed dismissal of a plaintiff's claim under section 12112(d)(3)(B) because the plaintiff did not sufficiently describe the form that employees were required to submit when seeking to excuse an absence. *See* 798 F.3d at 288. Similarly here, Plaintiff offers no facts about the

5

"company policy" that he claims to have followed when providing medical information to Defendant. *See* Rec. Doc. 1 ¶¶ 14, 16, 22. Therefore, Plaintiff's Complaint currently fails to state a claim under section 12112(d)(3)(B). *See Taylor*, 798 F.3d at 287-88.

Plaintiff's "Medical File Retention" claim also fails because Plaintiff does not allege that the failure to preserve medical records caused him damage. *See Franklin v. City of Slidell*, 936 F. Supp. 2d 691, 710-11 (E.D. La. 2013) ("A plaintiff must also allege that he suffered a tangible injury due to the disclosure of the protected medical information."); *see also Buchanan v. City of San Antonio*, 85 F.3d 196, 199-200 (5th Cir. 1996) ("[T]he ADA requires a causal link between the violation and the damages sought by the plaintiff."). Plaintiff's complaint alleges that he was wrongfully terminated, but it does not explain how the alleged failure to preserve medical documents caused the termination.

The Fifth Circuit has concluded, with respect to a related medical inquiry provision of the ADA, "that damages liability . . . must be based on something more than a mere violation[;] . . . [t]here must be some cognizable injury in fact of which the violation is a legal and proximate cause for damages to arise from a single violation." *Armstrong v. Turner Indus., Inc.*, 141 F.3d 554, 561-62 (5th Cir. 1998); *see also Taylor*, 798 F.3d at 287 (holding that plaintiffs could "not obtain compensatory damages if they ultimately prevail[ed] on their medical inquiry claim because

none of the Plaintiffs allege[d] that the . . . [medical inquiry] proximately caused them any tangible injury in fact"). This reasoning similarly applies to an alleged violation of § 12112(d)(3)(B), which is primarily focused on privacy and the "confidential[ity]" of employee medical records. *See* 42 U.S.C. § 12112(d)(3)(B). Plaintiff has not alleged that his medical information was disclosed, which might potentially give rise to an injury to privacy or reputation. Instead, Plaintiff simply alleges that Defendant does not have the medical records. Plaintiff's complaint does not state a "Medical File Retention" claim because it does not plead facts that plausibly suggest the failure to preserve medical documents caused Plaintiff a tangible injury.

New Orleans, Louisiana, this 8th day of August, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE

7