**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**DARIUS BROWN**                                                    **CIVIL ACTION**

**VERSUS**                                                            **NO. 18-2490**

**TRANSDEV SERVICES, INC.**                              **SECTION "B"(4)**

<u>**ORDER AND REASONS**</u>

Defendant Transdev Services, Inc. filed a motion for summary judgment in its favor and against plaintiff. Rec. Doc. 21. Plaintiff filed a response in opposition. Rec. Doc. 27. Defendant then sought, and was granted, leave to file a reply. Rec. Doc. 30.

For the reasons discussed below,

**IT IS ORDERED** that defendant's motion for summary judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant's motion in limine (Rec. Doc. 26) is hereby **DISMISSED as moot.**

<u>**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**</u>

Plaintiff Darius Brown filed a complaint against defendant Transdev Services Inc for violations of the Americans with Disability Act (ADA). Rec. Doc. 1. Plaintiff alleges that defendant violated the ADA by subjecting him to adverse employment actions on account of HIV-positive status, leading to his termination. Plaintiff's allegations are described in detail in a previous Order and Reasons issued by this Court and are incorporated by reference here. Rec. Doc. 17.

Defendant filed the instant motion for summary judgment, asserting that plaintiff's case is based on pure speculation and that he has no evidence in support of the claim that his termination was on the basis of his HIV-positive status. Rec. Doc. 21. Defendant asserts that there is no evidence that anyone at Transdev knew plaintiff had HIV, and therefore defendant could not have discriminated against plaintiff on the basis of his HIV-status. Id. Defendant states that plaintiff has not demonstrated a genuine dispute as to the fact that plaintiff had excessive absences during his probationary period and was involved in a preventable accident, which were the actual basis for his termination. Rec. Doc. 28. Plaintiff filed his response in opposition asserting that he has provided sufficient evidence to demonstrate that there remain genuine issues of material fact as to whether he was capable of complying with Transdev's attendance policy and whether the accident in which he was involved was actually preventable. Rec. Doc. 27. Plaintiff states that Transdev had notice of his HIV-positive status and he was terminated following Transdev's receipt of this information, therefore plaintiff argues that summary judgment is not proper. Id.

**THE PARTIES' CONTENTIONS**

Defendant argues that plaintiff cannot establish a disparate treatment claim or a failure to accommodate claim pursuant to the ADA. Rec. Doc. 21. Defendant asserts that plaintiff cannot

establish a prima facie case of disparate treatment because he could not perform the essential function of maintaining regular attendance and therefore was not qualified for his job. Rec. Doc. 21-2 at 7. Defendant also asserts that plaintiff cannot show his termination was because of his disability as he has no evidence that any particular person, much less the managers involved in the decision to terminate him, knew that he had HIV. Id. at 9. Defendant notes that plaintiff himself has conceded that he never disclosed his HIV status to any of his supervisors or anyone else with authority over his employment. Rec. Doc. 28-1 at 3. Defendant argues that there is no evidence that the unnamed depot clerk to whom plaintiff alleges he provided medical documents to request time off read the documentation past the point of determining the proposed dates of absence, noticed the reference to HIV, and then informed the members of management who made the decision to terminate plaintiff. Id. at 4. Even if the Court finds that plaintiff can establish a prima facie case of discrimination, defendant asserts that it can fulfill its burden of providing a legitimate non-discriminatory reason for terminating plaintiff, namely that plaintiff was an at-will probationary employee who had accumulated excessive absences and was involved in a preventable accident. Rec. Doc. 21-1 at 9-10. Defendant avers that plaintiff cannot offer any evidence to show that Transdev's reason for his termination was pretext for discrimination and therefore cannot

survive summary judgment. Id. at 10-11. Defendant also argues that to the extent plaintiff's claim is actually based on a failure to accommodate theory, that claim fails as well because plaintiff has admitted that he did not seek or need any accommodation while employed by defendant. Id. at 11. Defendant asserts that it had no notice of plaintiff's disability and therefore may not be held accountable for failing to provide a reasonable accommodation when it was not aware that any accommodation was needed, and plaintiff did not request any. Id. at 12-13.

Plaintiff asserts that summary judgment is not proper as he has provided sufficient evidence to establish a case for disparate treatment based on his disability. Rec. Doc. 27. Plaintiff states that he has met his burden of demonstrating a prima facie case of discrimination. Id. at 3. Plaintiff asserts that there is a genuine issue as to his absences and whether the accident he was involved in was actually preventable. Id. at 4-6. Plaintiff claims that he did everything he was instructed to do in order to prevent the accident and avers that this Court should take all inferences in his favor. Id. at 4. Transdev's policy requires employee termination in the event of five total occurrences. Id. at 5. Plaintiff avers that he complied with Transdev's attendance policy by informing Transdev in advance of the dates he would not be working due to medical appointments and a scheduled court date. Id. Plaintiff also argues that there is a genuine issue of material

fact as to whether he was terminated as a result of his disability given that he has testified that he gave defendant documentation informing it of his HIV-positive status in the form of medical records and was terminated thereafter. Id. at 6. Furthermore, plaintiff states that there is a genuine dispute as to whether his termination was legitimate, and whether the rationale given by defendant for his termination is pretextual. Id. at 7-9. Plaintiff asserts that defendant was on notice of his HIV-positive status when he provided his medical records on May 10, 2016, which clearly stated his HIV-positive status. Id. at 9. Plaintiff states that defendant could have reasonably accommodated his requests to be off work for particular days to undergo the medical procedure. Id.

## LAW AND ANALYSIS

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

When the movant bears the burden of proof, it must "demonstrate the absence of a genuine issue of material fact" using

competent summary judgment evidence. *Celotex*, 477 U.S. at 323. But "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). When the movant meets its burden, the burden shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Lindsey*, 16 F.3d at 618.

A. <u>Plaintiff does not establish a disparate treatment claim</u>

Plaintiff does not demonstrate a genuine dispute of material fact as to his disparate treatment claim. In a disparate treatment case, a plaintiff must establish a *prima facie* case of discrimination by proving that: 1) he has a disability; 2) he was qualified for the job; and 3) he was subject to an adverse employment decision on account of his disability. *See E.E.O.C. v. LHC Grp., Inc.,* 773 F.3d 688, 694 (5th Cir. 2014). If a plaintiff establishes a prima facie case of discrimination, the burden then shifts to the defendant to "articulate a legitimate, nondiscriminatory reason" for the adverse employment decision. *Id.* at 694. If the defendant satisfies this burden, "the burden shifts back to the [plaintiff] to show that [the defendant's] proffered reason is pretextual." *Id.*

Plaintiff does not establish a prima facie case of discrimination. Each of the above-mentioned factors to prove a prima facie case of discrimination will be considered in turn. Neither party disputes that plaintiff's HIV status qualifies as a disability and plaintiff satisfies the first step of proving a prima facie case of discrimination. *See Bragdon v. Abbott,* 524 U.S. 624 (1998) (holding that HIV infection is a "disability" under the ADA).

Plaintiff provides a genuine dispute of material fact as to whether he was qualified for the job. Defendant asserts that plaintiff was not qualified for his job because regular attendance is an essential function of his job and he did not have regular attendance. Plaintiff disputes this characterization of his absences, arguing that he provided advance notice of his absences to Transdev, as required by the policy. Precedent in this circuit holds that regular attendance is a necessary qualification for most jobs. *See Smith v. Lattimore Materials Co.*, 287 F.Supp.2d 667, 672 (E.D.Tex.), aff'd, 77 Fed.Appx. 729 (5th Cir.2003). However, whether plaintiff's attendance was adequate is measured by Transdev's own attendance policy, which allows for up to five occurrences before termination. *See Carmona v. Sw. Airlines Co.*, 604 F.3d 848, 860 (5th Cir. 2010). Mere absences alone, as suggested by defendant in its reply, are not sufficient to make plaintiff unqualified for his job when defendant's policy makes an

allowance for a certain number of absences. Transdev's policy allows for an employee to accumulate up to five chargeable occurrences prior to termination, which defendants aver plaintiff accumulated. Rec. Doc. 21-3 at 3. If this is true, then plaintiff did not have regular attendance and was therefore not qualified for the job. However, plaintiff claims that he did not accumulate five chargeable occurrences, as defined by Transdev's attendance policy, because he provided advance notice of his absences and they should not have been tallied as chargeable absences. At this stage, it is not for the Court to weigh the evidence and determine which party is correct. Rather, it is sufficient to note that plaintiff has provided enough evidence, in his deposition and by providing his court slip and medical records, to create a genuine dispute of material fact as to whether plaintiff had five chargeable absences. A jury could reasonably find that plaintiff had not accumulated five chargeable absences and therefore had regular attendance, making him qualified for his job. Plaintiff has met his burden at the summary judgment stage for the second prong.

Plaintiff has not demonstrated a genuine dispute as to whether he was subject to an adverse employment decision on account of his disability. Plaintiff provides no evidence to support his claim that defendants' decision to terminate him was on account of his HIV-positive status. Because plaintiff bears the burden at trial,

defendant "may merely point to an absence of evidence." *See Lindsey* at 618. The Fifth Circuit has held that a "nonmovant must go beyond the pleadings and designate specific facts that prove that a genuine issue of material fact exists." *Peterson v. Brookshire Grocery Co.*, 2018 WL 5920410, at 2 (5th Cir. 2018) (citing *Hathaway v. Bazany,* 507 F.3d 312 (5th Cir. 2007)). However, plaintiff "cannot defeat summary judgment with conclusory allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Peterson* at 2. Plaintiff provides no evidence in support of his assertion that he was terminated because of his HIV-positive status. Plaintiff did not inform defendant of his disability when he was hired or when he underwent a medical examination report for commercial driver fitness determination. Rec. Doc. 21-5 at 93-95. Plaintiff speculates that although the first doctor's note that he provided defendant did not identify plaintiff as HIV-positive, defendant could still have learned of his disability by "googling" the name of medications listed. Rec. Doc. 21-5 at 32. The only other piece of evidence plaintiff proffers in support of his assertion that defendant may have learned of his disability is a medical record regarding his May 10, 2016 medical procedure, which references his HIV. Rec. Doc. 27-5. Plaintiff states that he provided this document to an unnamed depot clerk prior to his absence on May 10, 2016, although plaintiff does not provide evidence of this other than to mention that there could possibly

be surveillance footage. Nevertheless, plaintiff provides no evidence and designates no specific facts that indicate his termination was connected to defendant's alleged receipt of this information. Defendant stated that plaintiff's termination was based on his involvement in a preventable accident and his charged absences, including a charged absence that occurred before plaintiff provided the medical record to an unnamed employee referencing his HIV-positive status to defendant. Plaintiff also admitted in his deposition that he does not believe the individuals responsible for designating his accident as preventable did so because of his disability. Rec. Doc. 21-5 at 24. In fact, during his deposition plaintiff stated multiple times that he does not have evidence that any particular person at Transdev even knew of his HIV. He specifically stated he "[doesn't] have information or evidence that anyone in there [Transdev] to this date knows that I have it [HIV]." Rec. Doc. 21-5 at 44. Plaintiff stated that nobody ever brought up that he had HIV at his employment or harassed him on account of his HIV. Rec. Doc. 21-5 at 35, 74. Therefore, there is no material evidence in the record that would allow a reasonable jury to conclude that defendant terminated plaintiff on account of his HIV-positive status. Plaintiff's conclusory allegations are not sufficient to survive summary judgment. Additionally, plaintiff's argument about whether the accident he was involved in was actually preventable, as

categorized by defendant, is not relevant to the present analysis. Plaintiff does not allege that defendant's allegedly incorrect designation of the accident as 'preventable' was made because of his HIV-positive status. Therefore, it is not relevant to the issues presented in this case and determining whether plaintiff has provided sufficient evidence in support of an ADA claim. Plaintiff has not provided more than "a scintilla" of evidence in support of his allegation that his termination was on account of his disability and therefore has not established a prima facie case of disparate treatment. *See Peterson v. Brookshire Grocery Co.*, 2018 WL 5920410, at 2 (5th Cir. 2018).

Because this Court finds that plaintiff does not satisfy his burden at the summary judgment stage of establishing a prima facie case for disparate treatment, the burden does not shift to the defendant to provide a legitimate, non-discriminatory reason for plaintiff's firing. Therefore, this Court does not need to analyze the parties' remaining arguments on that issue.

B. Reasonable Accommodation Claim

Although plaintiff did not plead a failure to accommodate claim in his original complaint, plaintiff has not met his burden of establishing such a claim. To establish a failure to accommodate claim, plaintiff must prove that: (1) he is a "qualified individual with a disability;" (2) the disability and its consequential limitations were "known" by the covered employer; and (3) the

11

employer failed to make "reasonable accommodations" for such known limitations. *See Feist v. Louisiana, Dep't of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013). As stated above, plaintiff is a qualified individual with a disability. However, plaintiff has not established that his disability and its limitations were "known" by the defendant. The Fifth Circuit has held that "where the disability, resulting limitations, and necessary reasonable accommodations, are not open, obvious, and apparent to the employer, the initial burden rests primarily upon the employee ... to specifically identify the disability and resulting limitations, and to suggest the reasonable accommodations." *See Griffin v. United Parcel Serv., Inc.,* 661 F.3d 216, 224 (5th Cir. 2011). Once an individual with a disability makes such a request, then the "appropriate reasonable accommodation is best determined through a flexible, interactive process that involves both the employer and the qualified individual with a disability." *See Taylor v. Principal Fin. Grp.,* Inc., 93 F.3d 155, 165 (5th Cir. 1996) Therefore, it is the employee's initial request that triggers the employer's obligation to engage in this interactive process. "If the employee fails to request an accommodation, the employer cannot be held liable for failing to provide one." *Id.* Plaintiff has not provided evidence to show that he specifically identified his disability to defendant and requested reasonable accommodations. As earlier noted,

plaintiff asserts he informed defendant of his HIV-positive status by providing an unnamed depot clerk with a medical record in advance of his absence for a medical procedure on May 10, 2016. However, that action neither shows that plaintiff specifically identified his HIV-positive status to defendant nor requested a reasonable accommodation for it. Plaintiff's deposition testimony demonstrates that he was not aware of any specific individual who knew about his HIV-positive status, which means that he did not take the step of identifying it to defendant and seek an accommodation for it. Defendant therefore cannot be held liable for failing to provide reasonable accommodations. The evidence provided by defendant and plaintiff's lack of evidence would not allow a reasonable jury to return a verdict for the plaintiff, therefore summary judgment is proper.

New Orleans, Louisiana, this 13th day of February, 2019.

SENIOR UNITED STATES DISTRICT JUDGE

13